ORIGINAL

# In the United States Court of Federal Claims

No. 17-1127C
(Filed December 18, 2017)
NOT FOR PUBLICATION

**FILED**

**DEC 18 2017**

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                *
                                *
KELLY SCOTT THOMAS-BEY,         *
                                *
            Plaintiff,          *
                                *
      v.                        *
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
                                *
* * * * * * * * * * * * * * * * *
```

### ORDER

On August 21, 2017, plaintiff Kelly Scott Thomas-Bey, who is a prisoner proceeding *pro se*, filed a complaint in this court. Complaints filed in this court must be accompanied by either a $400 filing fee pursuant to Rule 77.1(c) of the Rules of the United States Court of Federal Claims (RCFC) or an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. At the time Mr. Thomas-Bey filed his complaint, he attached a motion for leave to proceed *in forma pauperis*—which was granted by the Court on October 10, 2017. *See* ECF No. 6.

On October 20, 2017, the government filed a motion to dismiss this case under RCFC 12(b)(1) and 12(b)(6), alleging that the plaintiff's claims fall outside of the court's jurisdiction or otherwise fail to state a claim upon which relief can be granted. ECF No. 7. A response was due from Mr. Thomas-Bey by November 17, 2017, but Mr. Thomas-Bey failed to file any form of a response.

Because Mr. Thomas-Bey has not responded to the government's motion to dismiss this matter, this case is **DISMISSED** for failure to prosecute under RCFC 41(b). The government's motion to dismiss this case is therefore **DENIED** as moot. The Court notes, however, that even had Mr. Thomas-Bey responded to the government's motion, his complaint would still be dismissed for lack of subject-matter jurisdiction because his claims are clearly frivolous. It appears that Mr. Thomas-Bey believes that his birth certificate is some kind of security instrument or

7017 1450 0000 1346 0492

- 2 -

promissory note and that the government has prevented him from claiming and collecting its value. Compl. at 4–7, ECF No. 1.

As the government points out, Mr. Thomas-Bey's claims rely on the "sovereign citizen" theory that birth certificates create an entitlement to collect money from the United States government. Mot. to Dismiss at 4. Plaintiff maintains that the issuance of his birth certificate resulted in financial transactions involving the U.S. Department of the Treasury and the U.S. Department of Commerce. Compl. ¶¶ 6–7. Such bizarre allegations have been found frivolous by our court. *See Gravatt v. United States*, 100 Fed. Cl. 279, 286–88 (2011). Thus, in any event, the Court would have been unable to entertain Mr. Thomas-Bey's assertions. *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (explaining that a federal court may dismiss a case for want of jurisdiction when the "claim is wholly insubstantial and frivolous").

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge