ORIGINAL

# In the United States Court of Federal Claims

No. 17-1127C
(Filed January 11, 2018)
NOT FOR PUBLICATION

FILED

JAN 1 1 2018

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * *
|  | * |
| KELLY SCOTT THOMAS-BEY, | * |
|  | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| THE UNITED STATES, | * |
|  | * |
| Defendant. | * |
|  | * |

* * * * * * * * * * * * * * * * *

## ORDER

On December 18, 2017, this Court ordered that the above-captioned case be dismissed for failure to prosecute. *See Thomas-Bey v. United States*, No. 17-1127C, 2017 WL 6422168, at \*1 (Fed. Cl. Dec. 18, 2017). Specifically, plaintiff Kelly Scott Thomas-Bey did not timely respond to the government's motion to dismiss this case. *See* Def's Mot. The Court also noted in its order that even if Mr. Thomas-Bey had responded, the case still would have been dismissed because Mr. Thomas-Bey's claims are clearly frivolous. *Thomas-Bey*, 2017 WL 6422168, at \*1–2.

Two days after this Court issued its order, on December 20, 2017, the Clerk received a paper from Mr. Thomas-Bey, styled a "Motion for Consideration of Default upon Defendants United States." ECF No. 10. In the motion, Mr. Thomas-Bey seeks a default judgment against the United States under Rule 55 of the Rules of the United States Court of Federal Claims (RCFC), arguing that the United States failed to timely respond to his complaint. *Id.*

Because this motion was mailed out before Mr. Thomas-Bey received this Court's dismissal order and because of Mr. Thomas-Bey's *pro se* prisoner status, the Court will entertain his motion. Mister Thomas-Bey's motion, however, must be denied. The government did timely respond to Mr. Thomas-Bey's complaint by filing its motion to dismiss this case on the deadline for this response, October 20, 2017. *See* Def's Mot. It was Mr. Thomas-Bey who failed to provide a timely

response in the form of an opposition to the government's motion to dismiss his case.  As a result, the Court dismissed this case for failure to prosecute.  *Thomas-Bey*, 2017 WL 6422168, at *1–2.  And, as Mr. Thomas-Bey's motion ignores the government's motion to dismiss the case, it does nothing to undermine the Court's determination that plaintiff failed to prosecute this matter.  Thus, it cannot be the basis for reconsideration under RCFC 59 or for relief from judgment under RCFC 60.

Moreover, even were the document to be considered a belated attempt to respond to the motion to dismiss the case, a dismissal would be warranted, for the reasons already discussed in the Court's earlier order. *See Thomas-Bey*, 2017 WL 6422168, at *1–2.  Plaintiff's claim, based on the financial repercussions of the issuance of his birth certificate, "is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).  This case was properly dismissed.

As the government did file a timely response to Mr. Thomas-Bey's complaint, plaintiff's motion for entry of default in his favor, under RCFC 55(b), is **DENIED.** This case shall remain closed.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge